1
2
3
4
5
6 **UNITED STATES DISTRICT COURT**

7 EASTERN DISTRICT OF CALIFORNIA

8
ANTHONY HOWARD,                    1:10cv01042 DLB PC
9
                Plaintiff,
10                                     ORDER REGARDING DISMISSAL
        v.                             OF CERTAIN DEFENDANTS
11
12 MR. PETERS, et al.,

13                Defendants.

14 _____/

15
        Plaintiff Anthony Howard ("Plaintiff") is a California state prisoner proceeding pro se
16
and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed
17
his complaint on June 10, 2010, and names Physician's Assistant Peters, Chief Medical Officer
18
Enenmoh, the California Department of Corrections ("CDCR") and the "Medical Staff-F
19
Facility" as Defendants.[1]
20
A.      Screening Requirement
21
        The Court is required to screen complaints brought by prisoners seeking relief against a
22
governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
23
Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are
24
legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or
25
that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.
26
§ 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been
27
28
        [1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on June 21, 2010.

1

1  paid, the court shall dismiss the case at any time if the court determines that . . . the action or

2  appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

3  1915(e)(2)(B)(ii).

4      A complaint must contain "a short and plain statement of the claim showing that the

5  pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

6  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

7  conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing

8  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient

9  factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting

10 Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are

11 not. *Id.*

12 B.     Plaintiff's Allegations

13      Plaintiff alleges that was received by CDCR on January 8, 2009.  At that time, he sought

14 treatment for hepatitis A, B and C from Physician's Assistant Peters at Corcoran State Prison.

15 He alleges that Mr. Peters told him that treatment requires 16 months and that Plaintiff did not

16 have enough time for treatment.  Plaintiff alleges that he did in fact have 16 months and that Mr.

17 Peters and Chief Medical Officer Enenmoh denied him a life saving treatment.

18      Plaintiff requests an injunction for treatment.  He also requests monetary damages for

19 damage to his liver as a result of alleged inadequate medical care and for pain and suffering.

20 C.     Analysis

21      Plaintiff has alleged a cause of action under the Eighth Amendment, which prohibits "the

22 wanton and unnecessary infliction of pain."  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  A

23 prisoner's claim of inadequate medical care may rise to the level of an Eighth Amendment

24 violation if (1) "the prison official deprived the prisoner of the 'minimal civilized measure of

25 life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'"

26 Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d

27 732, 744 (9th Cir. 2002) (citation omitted)).  A prison official acts in a deliberately indifferent

28 manner if the official "knows of and disregards an excessive risk to inmate health or safety."

1  <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994).

2        Plaintiff has properly stated a claim against Defendants Peters and Enenmoh.

3        Defendant CDCR, however, is not a proper Defendant.  Plaintiff may not bring suit

4  against CDCR in federal court because it is a state agency and is entitled to Eleventh Amendment

5  immunity.  <u>Aholelei v. Dept. of Public Safety</u>, 488 F.3d 1144, 1147 (9th Cir. 2007).

6        Similarly, insofar as Plaintiff names "Medical Staff- F Facility" as a Defendant, he cannot

7  do so.  The Civil Rights Act under which this action was filed provides:

8          Every person who, under color of [state law] . . . subjects, or causes
        to be subjected, any citizen of the United States . . . to the

9          deprivation of any rights, privileges, or immunities secured by the
        Constitution . . . shall be liable to the party injured in an action at

10         law, suit in equity, or other proper proceeding for redress.

11 While the Medical Staff- F Facility is made up of numerous individuals, Plaintiff cannot sue

12 them as a group.  Section 1983 requires a Plaintiff to show that (1) each defendant acted under

13 color of state law and (2) each defendant deprived him of rights secured by the Constitution or

14 federal law.  <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1185 (9th Cir. 2006).  Plaintiff

15 must demonstrate that each defendant personally participated in the deprivation of his rights.

16 <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002).  Other than Defendant Peters and

17 Enenmoh, Plaintiff has not linked any other individuals with an alleged act.

18       Therefore, Plaintiff cannot state a claim against Defendants CDCR and "Medical Staff- F

19 Facility" and they must be dismissed from this action.  By separate order, the Court will instruct

20 Plaintiff on the steps necessary to serve Defendants Peters and Enenmoh.

21 **<u>ORDER</u>**

22       Based on the foregoing, the Court ORDERS that Defendants CDCR and "Medical Staff-

23 F Facility" be DISMISSED from this action.

24     IT IS SO ORDERED.

25   **Dated:   March 7, 2011**         **/s/ Dennis L. Beck**
                        UNITED STATES MAGISTRATE JUDGE

26

27

28